IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**GABRIEL FLORES,**

       Plaintiff,

vs.                                                       Civ. No. 08-321 WJ/ACT

**ANN MARIE PEREZ, FRANK SALCIDO,**
**and ANTHONY ROMERO,**

       Defendants.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS
## AND RECOMMENDED DISPOSITION

**THIS MATTER** comes before the Court upon Defendants' *Martinez* Report filed August 15, 2008, [Doc. 17] which will be construed as a motion for summary judgment and Defendants' Motion to Dismiss filed August 18, 2008 [Doc. 18].[1] This case was referred to the undersigned United States Magistrate Judge on March 26, 2008, to submit proposed findings of fact and recommendation for the disposition of this case pursuant to 28 U.S.C. §636(b)(1) [Doc 4]. Having considered the pleadings and the relevant law, the undersigned recommends that Plaintiff's claims be dismissed with prejudice.

## PROPOSED FINDINGS

---

[1] Defendants' *Martinez* Report includes documents that the Court will consider in ruling on Defendants' Motion to Dismiss. Thus, the Motion to Dismiss will be converted to a Motion for Summary Judgment. Fed.R.Civ.P. 56.

1

1. This is a *pro se, in forma pauperis*, civil rights action brought under 42 U.S.C. §1983 by Gabriel Flores ("Flores").  On March 21, 2008, Flores filed his Complaint alleging retaliatory reclassification and loss of good time credits.  On April 3, 2008, the Court dismissed his claim for restoration of credits against Flores' sentence [Doc. 3]. Flores' remaining claim is that Defendants altered his March 4, 2008, "Reclassification Scoring Form" ("Form") in retaliation for his filing a "Habeas Corpus Motion" in January of 2007.

2. Flores asserts that the following information was altered:

   a. The Form states: "[c]urrent charge or prev conviction involving sex crime or children."  Flores asserts this was altered because his case involved kidnaping and sexual penetration of an adult, not a child.

   b. The Form states: "[m]ore than four years to projected release date."  Flores asserts this was altered because his release date is three years and six months.

3. Defendants attached to their *Martinez* Report an additional 12 Forms dated February 4, 2003, through March 4, 2008, the Form at issue.  Each of the Forms is signed by Flores and contains the same information that Flores asserts was altered.  The Forms demonstrate that Flores' classification remained at Level III except for his reclassification on August 21, 2006, when he requested protection.

**Summary judgment standard**.

4. As mentioned in my earlier order [Doc. 14], a *Martinez* Report can be used for summary judgment purposes. Summary judgment is proper if the record demonstrates "that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law."  In a summary judgment posture, the verified Complaint and the *Martinez* Report are

treated as affidavits. Hall v. Bellmon, 935 F.2d 1106, 1111 (10th Cir. 1991) (" A Martinez report is treated like an affidavit....The plaintiff's complaint may also be treated as an affidavit if it alleges facts based on the plaintiff's personal knowledge and has been sworn under penalty of perjury.). Only "material" and "genuine" disputes of fact preclude summary judgment. "[F]actual disputes about immaterial items are irrelevant [and] it is not enough that the evidence [in opposition is] 'merely colorable' or anything short of 'significantly probative.'" *Hall,* 935 F.2d at 1111. "[C]onclusory and self-serving affidavits are not sufficient." *Id.*

   **Exhaustion of remedies.**

5.   Under 42 U.S.C. §1997e(a) of the Prisoner Litigation Reform Act of 1995 ("PLRA"), a prison inmate is required to complete the prison administrative process before suing over prison conditions. *Booth v. Churner*, 532 U.S. 731 (2001). Congress has eliminated both the discretion to dispense with administrative exhaustion and the condition that administrative exhaustion be plain, speedy, and effective. Even where the available remedies would appear to be futile at providing the kind of remedy sought, the prisoner must exhaust the administrative remedies available. *Id.* at 740. The PLRA's exhaustion requirement applies to all suits arising out of prison life. *Porter v. Nussle*, 534 U.S. 516, 525 (2002); *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002).

6.   The burden of proof for the exhaustion of administrative remedies in a suit governed by the PRLA is on the defendant. *Roberts v. Barreras*, 484 F.3d 1236, 1241 (10th Cir. 2007). Defendant must prove that: (1) administrative remedies were available to the plaintiff, and (2) the plaintiff failed to exhaust these remedies. *Purkey v. CCA*, 263 Fed. Appx. 723 (10th Cir. 2008).

7.   It is undisputed that Flores' classification was not changed because of the alleged

alteration. Thus, his allegations are not subject to an inmate classification appeal governed by Policy CD-081000. Rather, his allegations are subject to the administrative appeal process, Policy CD-150500 and 150501. *Martinez* report at Exh. 3A.

     8.     In his Response, Flores states that he tried to talk to Defendant Frank Salcido ("Salcido") but Salcido did not talk to him; he talked to Defendant Ann Marie Perez but she never paid any attention to him; and the warden told him that he did not have anything to do with classifications. Flores then asserts that he exhausted his remedies.[2]

     9.     The undisputed evidence before the Court is that the New Mexico Corrections Department ("NMCD") had a grievance procedure in place when Flores was incarcerated. In response to the Court's order for a *Martinez* report, Defendants did not submit any evidence that Flores filed a complaint concerning his classification. Flores failed to present any evidence demonstrating that he filed any grievance regarding his Forms or any retaliation for filing a "Habeas Corpus Motion." To the contrary, the undisputed evidence before the Court is that Flores did not file any grievance concerning the Forms or any alleged retaliation.

     10.     As Flores failed to exhaust his administrative remedies, his claims must be dismissed.

**First Amendment retaliation.**

     11.     Flores Complaint alleges a claim for violation of his rights under the First Amendment. A prison official, may not retaliate against an inmate for exercising a constitutional

---

[2] In his response, Flores also addresses for correction of his release date. This claim was dismissed by Court Order on April 2, 2008 [Doc. 3].

right. *Peterson v. Shanks,* 149 F.3d 1140, 1144 (10th Cir. 1998). When a plaintiff is not an employee and has no contractual relationship with the defendant, as in this case, the Tenth Circuit courts apply the standard in *Worrell v. Henry*, 219 F.3d 1197, 1212 (10th Cir. 2000). The *Worrell* standard requires proof of the following elements to support a First Amendment retaliation claim:

> (1) that the plaintiff engaged in constitutionally protected activity; (2) that the defendant's actions caused the plaintiff to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity; and (3) that the defendant's adverse action was substantially motivated as a response to the plaintiff's exercise of constitutional protected conduct.

*Id.*

12.  Flores has not provided any evidence in support of the second and third elements. Flores classification level did not change as a result of the alleged alteration of his Form. And Flores does not allege any injury. Moreover, the record does not support that the information on the Form was an "adverse action." Nor is there any support in the record that the Form was altered other than Flores' allegation. For these reasons, Flores cannot prevail on his claim. *Frazier v. Dubois*, 922 F.2d 560, 562 (10th Cir. 1990) ("Mere allegations of constitutional retaliation will not suffice; plaintiffs must rather allege specific facts showing retaliation because of the exercise of the prisoner's constitutional rights.").

13.  Flores' claim for retaliation must be dismissed.

## RECOMMENDED DISPOSITION

I recommend that Defendants' Motion to Dismiss converted to a Motion for Summary Judgment be granted and Plaintiff's Complaint filed March 21, 2008, be dismissed with prejudice.

Timely objections to the foregoing may be made pursuant to 28 U.S.C. Sec. 636(b)(1)(C). Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to § 636(b)(1)(C), file written objections to such proposed findings and

recommendations with the Clerk of the United States District Court, 333 Lomas N.W., Albuquerque, NM 87102.  A party must file any objections within the ten-day period allowed if that party wants to have appellate review of the proposed findings and recommendations.  If no objections are filed, no appellate review will be allowed.

                                      **ALAN C. TORGERSON**
                                      **UNITED STATES MAGISTRATE JUDGE**